UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELLEN OXMAN,                           :
     Plaintiff,                      :
                           :
v.                                     :          No. 3:16cv1304 (DJS)
                           :
JOHN CRAIG OXMAN,                      :
DAVID CRAIG OXMAN,                     :
ANGELA FLOREA,                         :
MICHAEL D. STUTMAN,                    :
 CATE KEENEY,                         :
CARMELLA P. BUDKINS,                   :
DAVID TYPERMAAS, and                   :
PETER BRONSTEIN,                       :
     Defendants.                     :

RULING AND ORDER

Background

The Court issued an Order on August 2, 2016, directing the plaintiff to file an amended

complaint in conformance with the Local and Federal Rules of Civil Procedure and also to "show

cause . . . why this case should not be dismissed for lack of jurisdiction." (Doc. # 6).  The Court

advised the plaintiff that her Complaint did not "allege how the defendants violated . . . federal

laws" and, as a result, did not "appear to raise a federal question over which the Court could

exercise jurisdiction . . . ." (*Id.*).

 The plaintiff filed an Amended Complaint on October 3, 2016. The Court dismissed the

Amended Complaint without prejudice on October 12, 2016, because that pleading did not

comply with the requirements of the Local and Federal Rules of Civil Procedure. The Court also

noted that the plaintiff had failed to file a response showing cause why the case should not be

dismissed for lack of jurisdiction. The plaintiff was instructed to file a further amended complaint by November 14, 2016, along with a separate document addressing the question of jurisdiction.

The plaintiff's Second Amended Complaint, filed on November 7, 2016, identifies eight individual defendants: John Craig Oxman, David Craig Oxman, Angela Florea, Michael D. Stutman, Cate Keeney, Carmella P. Budkins, David Typermaas, and Peter Bronstein. In that pleading, she alleges that she was "illegally deprived of her home and property . . . by means of fully illegal Quitclaim Deeds for said property . . . that Plaintiff never signed . . . ." (Doc. # 40, at 2, ¶ 1). She also refers to a "sham trial in Manhattan Supreme Court" that "[gave] rise to the fraudulent Quitclaim Deeds" for her property. (*Id.* at 5, ¶ 8). The "sham trial" refers to a divorce proceeding involving the plaintiff and her former husband, the defendant John Craig Oxman.

Also filed on November 7, 2016 was a document captioned "Affidavit in Support of Amended Complaint II with Exhibits A-E." (Doc. # 40-1). Although that document addresses the issue of jurisdiction in accordance with the Court's directive, the Court finds that it lacks jurisdiction over the claims raised in the Second Amended Complaint.

## Discussion

"A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action." *McNeill v. Lee's Toyota*, 16-CV-02058 (NGG), 2016 U.S. Dist. LEXIS 63556, at *5 (E.D.N.Y. May 13, 2016). Where subject matter jurisdiction is lacking, the suit must be dismissed. *Id. See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court may "dismiss for lack of subject matter jurisdiction - - even if a federal claim is asserted on

the face of the complaint - - where the federal question is so plainly insubstantial as to be devoid

of any merits and thus does not present any issue worthy of adjudication." *Nowak v. Ironworkers*

*Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) (internal quotation marks and

alterations omitted).

The plaintiff has made it clear that she seeks to invoke the Court's jurisdiction on the

basis of a federal question, specifying that her Second Amended Complaint is "a civil action

under 42 U.S.C. 1983 . . . [brought] to vindicate her federal constitutional rights in United

States District Court, District of Connecticut." (Doc. # 40-1, at 1, ¶ 1 and at 2, ¶ 2). The Second

Amended Complaint includes the following claims brought pursuant to 42 U.S.C. § 1983

("Section 1983 "): Count One, Violation of First Amendment Rights; Count Two, Fourteenth

Amendment Violation; and Count Three, Monell Claims. The Second Amended Complaint  also

includes a claim brought pursuant to 18 U.S.C. § 1951 (The Hobbs Act) and another brought

pursuant to 18 U.S.C. § 3141 (The Mail Fraud Act). Additionally, the plaintiff raises several state

law claims, i.e., unjust enrichment, breach of fiduciary duties, and intentional infliction of

emotional distress.

A. Section 1983

Section 1983 provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . subjects, or causes to be
> subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be liable
> to the party injured in an action at law, suit in equity, or other
> proper proceeding for redress . . . .

42 U.S.C. § 1983. "[T]he under-color-of-state-law element of § 1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful." *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). A private actor acts under color of state law only "when the private actor is a willful participant in joint activity with the State or its agents. A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (internal quotation marks and citations omitted).

The plaintiff's Second Amended Complaint identifies eight individuals as defendants, but is devoid of any allegations that would support a finding that any defendant other than Carmella P. Budkins ("Budkins") acted under color of state law. Consequently, even though "a federal claim is asserted on the face of the complaint . . . [as to these defendants] the federal question is so plainly insubstantial as to be devoid of any merits and thus does not present any issue worthy of adjudication." *Nowak*, 81 F.3d at 1189 (internal quotation marks and alterations omitted). All Section 1983 claims against the defendants John Craig Oxman, David Craig Oxman, Angela Florea, Michael D. Stutman, Cate Keeney, David Typermaas, and Peter Bronstein are dismissed for lack of subject matter jurisdiction.[1]

As to the defendant Budkins, the Complaint alleges that in her capacity as the Town Clerk for Greenwich, Connecticut, Budkins accepted and recorded a defective quitclaim deed

---

[1] The caption of the Second Amended Complaint also names "Jane Does 1-20" and "John Does 1-20" as defendants, but there is no reference to a Jane Doe or John Doe defendant in any of the factual allegations within the Second Amended Complaint. Whatever the plaintiff may have intended by including the Doe defendants in the caption of her Second Amended Complaint, the Court concludes that the plaintiff has failed to state a colorable claim against any Doe defendant.

-4-

concerning property located at 9 Paddock Drive, Greenwich, Connecticut. The Complaint goes on to assert that the plaintiff "lost her home and her personal property on a fully fraudulent Quitclaim Deed to 9 Paddock Drive Greenwich Ct because of a failure to oversee the Town Clerk by the Town of Greenwich, Connecticut" and a "fail[ure] to train its employees." (Doc. # 40, at 21, ¶¶ 55, 56 ). According to the plaintiff,  "the Defendants are liable to Plaintiff pursuant to 42 U.S.C. 1983 – Monell Claims, for punitive damages, and financial damages to be determined . . . ." (*Id*. at 22, ¶ 58). The Complaint does not allege a connection between Budkins and any other defendant.

In *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), the Supreme Court held that local governments are subject to suit under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." The Court also determined that "local government officials sued in their official capacities are 'persons' under § 1983 in those cases in which . . . a local government would be suable in its own name." *Id.* at 691 n.55.

Municipal liability may be based on a claim that the municipality's failure to train or supervise its employees reflects a deliberate indifference to the rights of its citizens. To prevail on such a claim, a plaintiff must show: "(1) that a policymaker knows to a moral certainty that employees will confront a given situation; (2) that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation; and (3) that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights." *Prince v. County of*

*Nassau*, 563 F. App'x 13, 16 (2d Cir. 2014) (internal quotation marks and alterations omitted). In all cases alleging municipal liability under Section 1983, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

"Although courts must read pro se complaints with special solicitude and interpret them to raise the strongest arguments that they suggest, a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'" *McNeill,* 2016 U.S. Dist. LEXIS 63556, at *4 (internal quotation marks and citation omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint lacks facial plausibility if it merely "tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and alterations omitted).

"A claim alleging federal-question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial or is wholly insubstantial and frivolous." *McNeill,* 2016 U.S. Dist. LEXIS 63556, at *6 (internal quotation marks and alteration omitted). The Second Amended Complaint does not state a colorable claim of a constitutional violation attributable to the defendant Budkins. Although that pleading includes vague references to deliberate indifference, failure to train, and failure to supervise, these are wholly conclusory in nature and are "devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

The factual allegations pertaining to the defendant Budkins, i.e., that she accepted and recorded a defective quitclaim deed, do not state a claim to relief under Section 1983 that is plausible on its face. Those facts would not permit the Court to draw the reasonable inference that Budkins violated a constitutional right held by the plaintiff, much less that there was "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton,* 489 U.S. at 385. Because the Second Amended Complaint fails to state a colorable claim of a constitutional violation by the defendant Budkins, the Section 1983 claims against Budkins are dismissed for lack of subject matter jurisdiction.

B. The Hobbs Act and Mail Fraud Claims

The Second Amended Complaint also includes claims of mail fraud, based on 18 U.S.C. § 1341 (The Mail Fraud Act), and unlawful search and seizure, based on 18 U.S.C. § 1951 (The Hobbs Act). The Mail Fraud Act and The Hobbs Act are criminal statutes. Neither of them provides a private cause of action. *See Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (The Mail Fraud Statute); *Barge v. Apple Computer, Inc.*, No. 97-9068, 1998 U.S. App. LEXIS 22044, at *4-5 (2d Cir. Aug. 21, 1998) (The Hobbs Act). Because the Complaint fails to state a colorable claim under either The Mail Fraud Act or The Hobbs Act, those claims, which are the remaining federal claims in the Second Amended Complaint, are dismissed for lack of subject matter jurisdiction.

C. State Law Claims

"While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal

jurisdiction." *Nowak*, 81 F.3d at 1187 (citation omitted). The Court has concluded that it lacks subject matter jurisdiction over all of the plaintiff's federal claims. Consequently, the Court cannot exercise supplemental jurisdiction over the plaintiff's state law claims, and those claims are dismissed without prejudice to re-filing in state court.

CONCLUSION

For the reasons stated above, all of the plaintiff's federal claims are dismissed with prejudice, and her state law claims are dismissed without prejudice to re-filing in state court.

The Clerk is directed to close this case.

SO ORDERED this 8th  day of December,  2016.

            /s/ DJS
                        Dominic J. Squatrito
                        United States District Judge

-8-