UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELLEN OXMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 3:16cv1304 (DJS) |
| | : | |
| JOHN CRAIG OXMAN, DAVID | : | |
| CRAIG OXMAN, CATE KEENEY, | : | |
| PETER BRONSTEIN, DAVID | : | |
| TYPERMAAS, MICHAEL D. | : | |
| STUTMAN, ANGELA FLOREA, | : | |
| CARMELLA P. BUDKINS, | : | |
| JOHN DOES 1-20, and | : | |
| JANE DOES 1-20, | : | |
|     Defendants. | : | |

## RULING ON MOTIONS

The plaintiff, Ellen Oxman ("Oxman"), brings this action pursuant to 42 U.S.C. § 1983 against eight named defendants,[1] claiming that her constitutional rights were violated by these defendants on the basis of an "illegal 'Judgment' (of Divorce)" entered by a New York state court and the ensuing "unlawful loss of her home and its contents at 9 Paddock Drive, Greenwich Connecticut." (Doc. # 40, at 3-4, ¶ 6 and at 9, ¶ 14). Oxman also raises a Hobbs Act claim, a mail fraud claim, and various state law claims. Pending before the Court are motions to dismiss filed by seven of the defendants, motions to set aside default filed by the defendants John Craig Oxman ("John Oxman"), Carmella P. Budkins ("Budkins"), and David Typermaas ("Typermaas"), the plaintiff's motion for default judgment, and the plaintiff's motion to further

---

[1]The caption of the Second Amended Complaint also names "Jane Does 1-20" and "John Does 1-20" as defendants, but there is no reference to a Jane Doe or John Doe defendant in any of the factual allegations within the Second Amended Complaint. Whatever the plaintiff may have intended by including the Doe defendants in the caption of the Second Amended Complaint, the Court concludes that the plaintiff has failed to state a colorable claim against any Doe defendant.

amend her Complaint. For the reasons stated below, the defendants' motions to dismiss and to set aside default are granted and the plaintiff's motions for default judgment and to further amend her Complaint are denied.[2]

A. PROCEDURAL BACKGROUND

Oxman filed her original Complaint on August 1, 2016, requesting that the Court issue orders "vacating the illegal Quitclaim Deeds for the property [located at] 9 Paddock Drive, Greenwich, Ct." and "vacating default judgment entered against Plaintiff [in New York state court] on or about 1 November 2006." (Doc. # 1, at 1). The Court (Shea, J.) entered an Order on August 2, 2016, directing the plaintiff to show cause "why this case should not be dismissed for lack of jurisdiction" and to file an amended complaint that, among other things, contained "a short and plain statement of the grounds for the court's jurisdiction ." (Doc. # 6).

The plaintiff filed an Amended Complaint on October 3, 2016. This Court dismissed the Amended Complaint without prejudice on October 12, 2016, and directed the plaintiff to file a further amended complaint that complied with the requirements of the Federal and Local Rules of Civil Procedure and to also file a document addressing the issue of jurisdiction. The plaintiff filed her Second Amended Complaint on November 7, 2016. On December 8, 2016, the Court, having concluded that it lacked subject matter jurisdiction over all of the plaintiffs's federal claims, dismissed the plaintiff's federal claims with prejudice and dismissed without prejudice her state law claims. Judgment entered in favor of the defendants against the plaintiff on December 8, 2016.

---

[2]Two of the defendants, Michael D. Stutman and Carmella P. Budkins, also filed motions for an extension of time to respond to the plaintiff's motion to further amend her Complaint. In light of the Court's denial of the plaintiff's motion to amend, the defendants' motions for extension of time are denied as moot.

At the time the Court dismissed the plaintiff's claims, two of the named defendants had filed motions to dismiss. The plaintiff had been granted an extension of time to February 13, 2017 to respond to one of the motions, and she had moved for an extension of time to respond to the second motion to dismiss. On December 19, 2016, the plaintiff filed a motion for reconsideration in which she requested that the Court vacate the Judgment entered on December 8, 2016. In her motion for reconsideration, the plaintiff contended that was deprived of the opportunity to respond to the arguments and issues raised in the defendants' motions to dismiss, and that this gave the Court "the appearance of not being impartial." (Doc. # 69, at 2).

Although the Court's December 8, 2016 Ruling and Order was not a direct response to either of the two pending motions to dismiss, but related instead to the Order to Show Cause regarding jurisdiction issued by Judge Shea on August 2, 2016, the Court recognized that the issues discussed in the December 8, 2016 Ruling and Order were also raised in the defendants' motions to dismiss, and that, based upon the filing of those motions, the plaintiff might have concluded that she had additional time to respond to those issues. For that reason, the Court granted the plaintiff's motion for reconsideration and provided her with an opportunity to respond to all of the claims raised in the defendants' motions to dismiss. After the Court granted the plaintiff's motion for reconsideration, five additional defendants filed motions to dismiss. The plaintiff subsequently sought, and was granted, multiple extensions of time to respond to the seven pending motions to dismiss.

In response to a motion for entry of default against seven of the defendants, an entry of default was entered in the record as to the defendants John Oxman, Angela Florea ("Florea"), Budkins, and Typermaas on January 27, 2017. In its Order granting in part the plaintiff's motion

for entry of default, the Court noted that "[b]ecause there are serious questions as to whether the Court has subject matter jurisdiction over this matter . . . and whether the allegations in the Complaint otherwise establish the liability of any [of] the named defendants, the Court hereby stays any further action relating to the entry of a default judgment against any of the defendants until such time as the Court has ruled on the pending motions to dismiss that raise these issues." (Doc. # 86). The defendants John Oxman, Budkins, and Typermaas each subsequently filed a motion to set aside the default that had been entered against him or her.

B.  DISCUSSION

I. MOTIONS TO DISMISS

While they are not identical, all seven of the motions to dismiss raise similar issues, including the claim that the Court lacks subject matter jurisdiction over this action. "A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action." *McNeill v. Lee's Toyota*, 16-CV-02058 (NGG), 2016 U.S. Dist. LEXIS 63556, at *5 (E.D.N.Y. May 13, 2016). Where subject matter jurisdiction is lacking, the suit must be dismissed. *Id.*  A district court may "dismiss for lack of subject matter jurisdiction - - even if a federal claim is asserted on the face of the complaint - - where the federal question is so plainly insubstantial as to be devoid of any merits and thus does not present any issue worthy of adjudication." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) (internal quotation marks and alterations omitted). "Although courts are generally limited to examining the sufficiency of the pleadings on a motion to dismiss, on a challenge to a district court's subject matter jurisdiction, the court may also resolve disputed jurisdictional fact issues

by reference to evidence outside the pleadings." *Licci v. Lebanese Canadian Bank, SAL*, 834 F.3d 201, 211 (2d Cir. 2016).

i. *Rooker-Feldman*

Although the allegations contained in the plaintiff's Second Amended Complaint are couched in terms of fraud and violations of constitutional rights, it is apparent that the injuries the plaintiff claims she has sustained all relate back to the Judgment of the New York Supreme Court entered in the plaintiff's divorce case in 2006 and the consequences flowing from that Judgment, e.g., the transfer of the 9 Paddock Drive property to John Oxman.

The record as it pertains to the New York divorce action demonstrates the following: The plaintiff initiated a divorce action against the defendant John Oxman in 2004. On November 1, 2006, a Judgment of Divorce was entered in the New York Supreme Court in the divorce action the plaintiff had initiated in 2004. The Judgment of Divorce, which indicated that the parties had entered into a written Stipulation of Settlement dated October 27, 2006, included the following provision:

> ORDERED AND ADJUDGED that the written Stipulation subscribed to by the parties hereto and acknowledged in the form required to entitle a deed to be recorded, a copy of which was submitted with the Findings of Fact and Conclusions of Law, is hereby incorporated by reference herein, and such Stipulation shall survive as an independent contract and not be merged in this judgment, and the parties are hereby directed to comply with every legally enforceable term and provision of such Stipulation . . . .

(Doc. # 91-1, at 6).

The Stipulation of Settlement referenced in the court's Judgment of Divorce included the following provisions:

> 13. The parties are the owners, without encumbrances of any kind, of a house and land located at 9 Paddock Drive, Greenwich, Connecticut 06831 (hereafter, "Greenwich"), where they have heretofore resided. The defendant [John Craig Oxman] shall have sole ownership and exclusive use and occupancy of Greenwich from and after the execution of this Stipulation of Settlement.
>
> 14. The plaintiff [Ellen Oxman] hereby conveys all her right, title and interest in Greenwich to the defendant. Simultaneously with the execution of this Stipulation of Settlement, the plaintiff shall execute a quitclaim deed, together with any and all documents required by Connecticut law, duly executed and acknowledged and in recordable form, to effectively convey her interest in Greenwich to the defendant.

(Doc. # 91-2, at 4).

In 2016, the plaintiff filed a motion in the New York Supreme Court seeking to vacate the 2006 Judgment of Divorce and Stipulation of Settlement. In that motion, the plaintiff claimed:

> that her signature on the Stipulation was forged; that the Stipulation was entered without her knowledge; that she was never represented by Michael Stutman, Esq. (the attorney who signed the Stipulation and approved the Judgment of Divorce), that Defendant's prior counsel inappropriately notarized her forged signature and signed the Stipulation as her counsel; that the marital assets were never properly valued and that notice of entry of the Judgment of Divorce was never filed.

(Doc. # 91-4, at 3-4). The New York state court denied the plaintiff's motion to vacate. In addition to concluding that the plaintiff had failed to raise her objections in a timely manner, the New York state court found that in other post-judgment proceedings "Plaintiff attested to the validity of the Stipulation and Judgment of Divorce. She never claimed her signature was forged or that she was not represented at the time the Stipulation and Judgment were entered." (*Id.* at 4).

"Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases

that essentially amount to appeals of state court judgments." *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014). "Under *Rooker-Feldman*, a district court may not review a claim that is 'inextricably intertwined' with a state court's judgment." *Simpson v. Putnam County National Bank of Carmel*, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). The *Rooker-Feldman* doctrine has four requirements: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court." *Brodsky v. Carter*, 673 F. App'x 42, 43 (2d Cir. 2016). "[I]n determining whether the doctrine applies, the key inquiry is whether the complaint alleges an injury caused by a state court judgment." *Id.*

It is readily apparent that the plaintiff is complaining in this federal action of injuries that flow from the Judgment of Divorce entered in the New York Supreme Court in 2006 and the 2016 denial of her motion to vacate that Judgment. All of her claims relate back to those state court decisions, including the incorporation of the Stipulation of Settlement into the Judgment of Divorce. It is equally apparent that she is inviting this Court to review and reject those state court decisions. With respect to timing, the New York state court decision denying the plaintiff's motion to vacate the Judgment of Divorce and the Stipulation of Settlement issued on May 10, 2016. The plaintiff filed this federal action on August 1, 2016.

The Court concludes that the *Rooker-Feldman* doctrine applies and, as a result, this Court lacks subject matter jurisdiction over the plaintiff's claims. The plaintiff's assertion that the New York Judgment of Divorce was illegally obtained as a result of fraud does not prevent the

application of the *Rooker-Feldman* doctrine. "[E]ven if the state court judgment was wrongfully procured, it is effective and conclusive until it is modified or reversed in the appropriate State appellate or collateral proceeding." *Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 517 (D. Conn. 2015) (internal quotation marks omitted). Because the Court lacks subject matter jurisdiction over the plaintiff's claims, her Second Amended Complaint must be dismissed.

ii. Section 1983

The plaintiff has made it clear that she seeks to invoke the Court's jurisdiction on the basis of a federal question, specifying that her Second Amended Complaint is "a civil action under 42 U.S.C. 1983 . . . [brought] to vindicate her federal constitutional rights in United States District Court, District of Connecticut." (Doc. # 40-1, at 1, ¶ 1 and at 2, ¶ 2). The Second Amended Complaint includes the following claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983"): Count One, Violation of First Amendment Rights; Count Two, Fourteenth Amendment Violation; and Count Three, Monell Claims.

In the Court's December 8, 2016 Ruling and Order[3] the plaintiff was advised that Section 1983 "'excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'" (Doc. # 65, at 3-4) (quoting *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The plaintiff was further advised that her Second Amended Complaint "is devoid of any allegations that would support a finding that any defendant other than Carmella P. Budkins . . . acted under color of state law." (Doc. # 65, at 4).

Despite clear direction from the Court on this point, and despite the fact many of the

---
[3]This Ruling and Order was subsequently vacated when the Court granted the plaintiff's motion for reconsideration. (Doc. # 75).

-8-

pending motions to dismiss also raise this issue, the plaintiff fails to address this issue in her responses to the motions. The Court once again concludes that even though "a federal claim is asserted on the face of the complaint . . . [as to these defendants] the federal question is so plainly insubstantial as to be devoid of any merits and thus does not present any issue worthy of adjudication." *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1189 (2d Cir. 1996) (internal quotation marks and alterations omitted). For this additional reason, the Court lacks subject matter jurisdiction over the Section 1983 claims against John Craig Oxman, David Craig Oxman, Angela Florea, Michael D. Stutman, Cate Keeney, David Typermaas, and Peter Bronstein.

"A claim alleging federal-question jurisdiction may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is immaterial . . . or is wholly insubstantial and frivolous." *McNeill v. Lee's Toyota*, 16-CV-02058 (NGG), 2016 U.S. Dist. LEXIS 63556, at *6 (E.D.N.Y. May 13, 2016) (internal quotation marks omitted). With regard to the defendant Budkins, the Court previously concluded that "[t]he Second Amended Complaint does not state a colorable claim of a constitutional violation attributable to the defendant Budkins." (Doc. # 65, at 6). In support of her motion to dismiss, Budkins also argues that the Second Amended Complaint "fails to allege any facts that would support any 'federal question' cause of action against Ms. Budkins because Plaintiff's allegations lack any foundation in fact or law . . . ." (Doc. # 103, at 2).

The plaintiff alleges that Budkins, in her capacity as the Town Clerk for Greenwich, Connecticut, accepted and recorded a defective quitclaim deed concerning the property located at 9 Paddock Drive, Greenwich, Connecticut. The plaintiff then asserts that she "lost her home and

her personal property on a fully fraudulent Quitclaim Deed to 9 Paddock Drive Greenwich Ct because of a failure to oversee the Town Clerk by the Town of Greenwich, Connecticut" and a "fail[ure] to train its employees." (Doc. # 40, at 21, ¶¶ 55, 56). According to the plaintiff, "the Defendants are liable to Plaintiff pursuant to 42 U.S.C. 1983 – Monell Claims, for punitive damages, and financial damages to be determined . . . ." (*Id.* at 22, ¶ 58).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that local governments are subject to suit under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. In all cases alleging municipal liability under Section 1983, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The factual allegations pertaining to Budkins, i.e., that she accepted and recorded a defective quitclaim deed, do not state a claim to relief under Section 1983 that is plausible on its face. Those facts would not permit the Court to draw the reasonable inference that Budkins violated a constitutional right held by the plaintiff, much less that there was "a direct causal link between a municipal policy or custom and the alleged constitutional violation." *Id.* For this additional reason, the Section 1983 claim against Budkins is dismissed for lack of subject matter jurisdiction.

### iii. The Hobbs Act and Mail Fraud Claims

The Second Amended Complaint also includes claims of mail fraud, based on 18 U.S.C. § 1341 (The Mail Fraud Act), and unlawful search and seizure/extortion, based on 18 U.S.C. §

1951 (The Hobbs Act). The Mail Fraud Act and The Hobbs Act are criminal statutes. Neither of them provides a private cause of action. *See Official Publications, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (The Mail Fraud Statute); *Barge v. Apple Computer, Inc.*, No. 97-9068, 1998 U.S. App. LEXIS 22044, at *4-5 (2d Cir. Aug. 21, 1998) (The Hobbs Act). Consequently the Complaint fails to state a colorable claim under either The Mail Fraud Act or The Hobbs Act. This is an additional reason why those claims are subject to dismissal.

iv. State Law Claims

In her Second Amended Complaint the plaintiff raises several state law claims, i.e., unjust enrichment, breach of fiduciary duties, and intentional infliction of emotional distress. The Court has already concluded that it lacks subject matter jurisdiction over all of the plaintiff's claims on the basis of the *Rooker-Feldman* doctrine. With regard to the plaintiff's state law claims, the Court also notes that "[w]hile the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction." *Nowak*, 81 F.3d at 1187 (citation omitted). The Court has otherwise concluded that it lacks subject matter jurisdiction over all of the plaintiff's federal claims. Consequently, the Court could not, apart from the *Rooker-Feldman* doctrine, exercise supplemental jurisdiction over the plaintiff's state law claims.

II. MOTIONS TO SET ASIDE DEFAULT AND FOR DEFAULT JUDGMENT

"[P]rior to entering default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v.*

*Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks and alterations omitted). Because the Court has determined that the plaintiff's allegations fail to establish the liability of any defendant as a matter of law, and, indeed, has determined that it lacks subject matter jurisdiction over the plaintiff's claims, the Court finds it appropriate to grant the motions to set aside default filed by the defendants John Oxman, Budkins, and Typermaas. The Court also recognizes that a certain amount of uncertainty may have resulted from the December 8, 2016 dismissal of the plaintiff's claims for lack of subject matter jurisdiction and subsequent granting of the plaintiff's motion for reconsideration. The Court finds that uncertainty to be an additional reason to grant the motions to set aside default.

With regard to the plaintiff's motion for default judgment, the Court has concluded that it lacks subject matter jurisdiction over the plaintiff's claims. Consequently the motion for default judgment must be denied.

### III. MOTION TO FURTHER AMEND THE COMPLAINT

In her motion to further amend her complaint, the plaintiff represents that her proposed third amended complaint "adds heretofore new and unseen documents and information that attempts to clarify the fraudulent schemes around the intentional and deliberate 'loss' of Plaintiff 'Ellen Oxman's' home and its contents at 9 Paddock Drive, Greenwich, Connecticut." (Doc. # 113, at 2). The plaintiff also seeks to add a ninth defendant, an attorney who, according to the plaintiff, "remains the Plaintiff 'Ellen Oxman's' attorney of record in the underlying matter that caused Plaintiff to lose Plaintiff 'Ellen Oxman's' home at 9 Paddock Drive, Greenwich, Connecticut." (*Id.*).

The plaintiff has already amended her Complaint twice. By virtue of the Court's

December 8, 2016 Ruling and Order, as well as the seven motions to dismiss filed by the defendants, she has been fully informed of the deficiencies in her pleadings. Despite the numerous paragraphs in the proposed third amended complaint that cite various federal statutes pursuant to which, according to the plaintiff, this Court has jurisdiction, the proposed third amended complaint does not remedy the fundamental jurisdictional defects previously discussed in this opinion. The fact remains that all of the plaintiff's claims are "'inextricably intertwined' with a state court's judgment,'" *Simpson v. Putnam County National Bank of Carmel*, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). Additionally, all but one of the defendants, including the proposed ninth defendant, is a private actor. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity.").[4]

Although the Federal Rules of Civil Procedure provide that leave to amend a complaint should be granted freely, it is within the Court's discretion to grant or deny leave to amend and futility of the amendment is a reason to deny such leave. *See John Hancock Mutual Life Insurance Co. v. Amerford International Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). The Court concludes that the proposed amendment of the Complaint would be futile and denies the plaintiff's motion to amend.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the motions to dismiss filed by the

---

[4] Although the Court did not find it necessary to address them, additional defenses raised in the motions to dismiss appear on their face to have merit. These defenses include applicable statutes of limitations and lack of personal jurisdiction over certain defendants.

following defendants: Michael D. Stutman (**doc. # 42**), Cate Keeney (**doc. # 48)**, Peter Bronstein (**doc. # 80**), John Craig Oxman (**doc. # 90**), David Craig Oxman (**doc. # 96**), David Typermaas (**doc. # 101**), and Carmella P. Budkins (**doc. # 102**).

The Court further **GRANTS** the motions to set aside default filed by the defendants John Craig Oxman (**doc. # 89**), Carmella P. Budkins (**doc. # 94**), and David Typermaas (**doc. # 101**).

The Court **DENIES as moot** the motions for extension of time filed by the defendants Michael D. Stutman (**doc. # 116**) and Carmella P. Budkins (**doc. # 117**).

The Court **DENIES** the plaintiff's motion for default judgment (**doc. # 108**) and motion to amend (**doc. # 113)**.

This action is dismissed and the Clerk is directed to close this case.

SO ORDERED this   13th     day of September,  2017.

_____/s/ DJS_____
Dominic J. Squatrito
United States District Judge